UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY ENGLISH,<br><br>Defendants. | No. 1:14-CR-0217-DAD-BAM<br><br>ORDER DENYING GOVERNMENT'S CONTESTED MOTION IN LIMINE #3 IN PART<br><br>(Doc. No. 33) |

Defendant Kimberly English is charged in the indictment with two counts of violating 26 U.S.C. § 7214(a)(7) — Filing of a Fraudulent Tax Return by an Employee of the United States — and four counts of violating 26 U.S.C. § 7214(a)(5) — Making an Opportunity for a Person to Defraud the United States. Trial is scheduled to commence on May 17, 2016.

The government filed a number of pretrial motions in limine. (Doc. No. 33.) Those motions came on for hearing before the court on April 12, 2016. Assistant U.S. Attorneys Patrick R. Delahunty and Angela L. Scott appeared for the government and attorney Marc Days appeared for the defendant. The court ruled from the bench, granting the government's unopposed motions in limine as well as its contested motions in limine #1, #2 and #3 to the extent the latter pertained to three tax returns filed by defendant on her own behalf. (*See* Doc. No. 39.)[1] The court took

---

[1] The government withdrew its motion in limine #4 and the government's request for reciprocal discovery was noted on the record. (Doc. No. 39.)

government motion in limine #3 under submission to the extent it sought leave to introduce in its case in chief, seven 2011-12 tax returns allegedly prepared by defendant on behalf of others, which conduct is not charged in the pending indictment. (*Id*.)

This final aspect of the government's motions in limine will be denied. The government first argues that the seven other tax returns prepared by defendant should be admitted in its case in chief because they are inextricably intertwined with the criminal conduct charged in the indictment. The court is not persuaded. The Ninth Circuit has stated:

> We have recognized two categories of evidence that may be considered "inextricably intertwined" with a charged offense and therefore admitted without regard to Rule 404(b). *See United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir.1995). First, evidence of prior acts may be admitted if the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." *Id*. Second, prior act evidence may be admitted "when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id*. at 1012–13.

*United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).

Here, defendant's preparation of the seven other, uncharged, tax returns does not fit into the first category described by the court in *DeGeorge*. The government made clear at the hearing that it is not prepared to prove that those seven returns were false or fraudulent. Thus they certainly cannot be said to be part of a "single criminal episode." *United States v. Lilliard*, 354 F.3d 850, 854 (9th Cir. 2003). Nor does the government need the introduction of these seven returns which defendant allegedly prepared for others to offer a "coherent and comprehensive story" of defendant's commission of the charged offenses. *DeGeorge*, 380 F.3d at 1220. The government presumably intends to present evidence at trial that defendant willfully filed false returns for the 2011 and 2012 tax years on her own behalf and willfully prepared four returns for others in those same years knowing them to contain false information as well. The fact that defendant also prepared seven other returns, which the government is *not* prepared to prove contained false information, is clearly not necessary for the jury to understand the government's theory as to the six counts charged. Therefore, those seven returns are not admissible as inextricably intertwined with the charged criminal conduct. *See United States v. Anderson*, 741

1  F.3d 938, 949 (9th Cir. 2013) ("Where the evidence . . . is not part of the charged transaction and
2  the prosecution would encounter little difficulty in presenting the evidence relevant to its case
3  against the defendant without it, the evidence is not admissible as being intrinsic to the charged
4  offense.") (*citing United States v. King*, 200 F.3d 1207, 1215 (9th Cir. 1999).

5  Alternatively, the government argues that the seven returns prepared on behalf of others
6  by defendant are admissible under Federal Rule of Evidence 404(b). Once again, at the hearing
7  the government made clear that they do not intend to prove that these returns contained false
8  information.[2] While evidence may not necessarily have to be of "bad acts" per se to be
9  admissible under 404(b), it still must be probative as to an issue in the case other than propensity
10 or character. Here, the government's general claim that admission of these seven returns is
11 probative of defendant's willfulness in preparing and filing the six false or fraudulent tax returns
12 charged in the indictment is simply not compelling.

13 Finally, the government indicates that it is seeking to introduce the seven uncharged
14 returns in its case in chief in order to counter an anticipated defense based upon a claim of mere
15 mistake or accident and to establish that defendant was familiar with tax laws in general and held
16 herself out to be a tax preparer. Of course, if defendant elects to testify on her own behalf at trial
17 and were to do so in the manner anticipated by the government, her preparation and filing of these
18 seven returns will likely be the appropriate subject of cross-examination. Likewise, if a defense
19 (with or without the defendant's own testimony) is presented based upon mistake, accident or
20 lack of knowledge regarding the tax laws, the seven returns would no doubt be offered in the
21 government's rebuttal case. However, the court is not persuaded that the evidence is admissible
22 for any proper purpose in the government's case in chief.

23 /////
24 /////
25 /////

---

[2] Though the government does take the position that the seven returns in question contain claims of exemptions and deductions similar to the ones that government has alleged are false in the charged counts. In the court's view, this raises a heightened concern regarding the potential for unfair prejudice were the uncharged returns to be admitted in the government's case in chief.

For the reasons set forth above, the government's contested motion in limine #3 (Doc. No. 33) with respect only to the seven tax returns prepared for others which were not charged in the indictment is denied.

IT IS SO ORDERED.

Dated:   **April 21, 2016**                           /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE